**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Ben's Auto Body, Inc.

    v.                                  Civil No. 07-cv-417-PB

Progressive Casualty Insurance Company
Progressive Direct Insurance Company

**O R D E R**

Plaintiff moves to compel answers to its second set of interrogatories, nos. 1-3. Defendant objected to each interrogatory and objects to the motion.

**Discussion**

This discovery dispute is, in essence, a rerun of the initial dispute over interrogatory no. 14 in plaintiff's first set of interrogatories. That interrogatory and the response was as follows:

    14. Please identify each and every automobile damage insurance claim in Rockingham County and Strafford County, New Hampshire, handled by Progressive Casualty Insurance Company and Progressive Casualty Insurance Company since January 1, 2000 to date, and include in your answer the following:

        a) The name and address of each claimant;
        b) The name and address of each auto body repair facility hired to repair the claimant's vehicle;
        c) The repair rates charged by each facility in repairing the claimant's vehicle;
        d) Whether the repair facility was chosen by the

>           claimant or suggested to him/her by the Defendant.
>
>   **RESPONSE:**  Progressive Casualty objects to this
>   Interrogatory on the ground that plaintiff has not obtained
>   a stipulation or leave of court to propound more than 25
>   interrogatories, including discrete subparts, as it is
>   required to do pursuant to Federal Rule of Civil Procedure
>   33(a).  Progressive Casualty further objects to this
>   Interrogatory on the grounds that it is overly broad and
>   unduly burdensome, seeks information that is irrelevant to
>   any party's claim or defense, or the subject matter of the
>   litigation, will not lead to the discovery of admissible
>   evidence, and otherwise exceeds the scope of discovery
>   permissible under Federal Rules of Civil Procedure 26(b) and
>   33.  Finally, Progressive Casualty objects to this
>   Interrogatory on the grounds that it seeks information
>   regarding third parties that is subject to privacy
>   protections, without authorization or a court order
>   permitting the release of such information, and also seeks
>   confidential, proprietary information without the entry of a
>   protective order.

That motion to compel (document no. 27) was, as to interrogatory no. 14, resolved by the parties by withdrawal of the motion (document no. 37) and the following attorneys' agreement:

> (Defendant) will provide the total Progressive property
> damage claims in these two counties (or the closest
> geographical area available) back to December 2004.

Document no. 45-4.

Counsel for the parties apparently understood that sentence quite differently.  On August 19, 2009, in a second motion to compel, plaintiff's counsel sought the claims files for that area and period.  Document no. 45, ¶ 5.  Defense counsel, as part of

defendant's objection, filed an affidavit setting forth his recollection of the negotiations and agreement.  Document no. 46-2.  He stated that there was never an agreement to provide claim files but rather defendant would provide annual totals for property damage claims paid by Progressive.  Id., ¶ 6-7.  Judge Arenas denied plaintiff's motion to compel on August 24, 2009.  No affidavit to rebut the defense counsel's affidavit was filed.

Plaintiff's counsel did not seek reconsideration of Judge Arenas' order, nor was it appealed to Judge Barbadoro.  Instead, plaintiff's counsel, without leave of the court, served three new interrogatories.  Document no. 50-2.  Interrogatory no. 1 is not substantive.  Interrogatory no. 3 is the former interrogatory no. 14 recast in language to obtain the facts from claim files if not the files.  The prior agreement and order resolved it and the law of the case controls.  The motion to compel as to interrogatory three is denied.

Interrogatory no. 2 does not appear to be a reiteration of former interrogatory no. 14.  Neither party has argued the substance.  It is clear that plaintiff did not seek leave to serve additional interrogatories as required by Federal Rule of Civil Procedure 33(a)(1).  However, given the timing of the

interrogatory – i.e., four days before discovery closed – I grant leave <u>nunc</u> <u>pro</u> <u>tunc</u> and direct the parties to brief the merits of compelling and denying a response to interrogatory no. 2 within ten (10) calendar days.

The motion (document no. 50) is denied as to interrogatory no. 3 and stayed as to nos. 1 and 2 until further briefed.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 27, 2009

cc:   Earl L. Kalil, Jr., Esq.
      Christopher E. Ratte, Esq.
      Joseph P. Geiger, Jr., Esq.
      Lauren S. Irwin, Esq.
      Russell F. Hilliard, Esq.